## Northern District
### No. 6220
### JOSEPH F. McCARTHY
#### v.
### NEW ENGLAND TELEPHONE & TELEGRAPH CO.

*Present*: Brooks, P.J., Parker, Yesley, JJ.

Case tried to *Troy, J.* in the Municipal Court of the Dorchester District No. R 1691.

*Brooks, P.J. This is an action of tort* commenced in the Municipal Court of the Dorchester District subsequently removed to the Superior Court and later remanded to the Municipal Court of the Dorchester District for trial.

Plaintiff's declaration contains two counts. Count 1 alleges breach of warranty by defendant by reason of defective telephone equipment. Count 2 alleges negligence on the

part of defendant in permitting its equipment to remain in a dangerous condition.

Defendant answered general denial and other defenses not here material.

*There was evidence tending to show the following*:

Plaintiff entered a telephone booth owned and constructed by defendant, located on the sidewalk opposite 4146 Washington Street, Roslindale at 12:15 A.M., March 6, 1962 for the purpose of making a call. Opening the telephone booth door he reached for the instrument and as he grabbed the metal cord connecting the telephone hand set with the telephone instrument he felt a sharp pain in his hand. He then returned to the car with his hand bleeding.

Plaintiff's companion noticed blood coming from a cut on plaintiff's hand when he returned to the car. The companion also testified that he recalled seeing the same booth on March 3, 1962 at approximately 9:00 A.M. at which time he noticed that the wire leading from the instrument to the hand set was stretched, unraveled and that he was unable to make a call, there being no dial tone.

An employee of the defendant testified that on March 6, 1962 in the mid-morning he was dispatched by defendant to a pay telephone at 4146 Washington Street, Roslindale to check on a cut cord. On arrival he found the armored-cord jacket covering the cord itself pulled apart or unraveled so that it was much longer than it had been originally. This jac-

ket was constructed of stainless steel, much like a piece of B.X. electrical cable. He removed the damaged cord and put on a new one.

A coin collector for defendant testified that in the course of his duties on March 2, 1962 about mid-morning he visited an outside telephone booth at 4146 Washington Street, Roslindale. He found that the instrument was functioning properly and that the equipment was in satisfactory condition.

Another employee of defendant testified from the record of toll calls that such a call had been made from this booth on March 5, at 9:39 P.M.

Defendant filed the following requests for rulings:

"1. The burden is upon the plaintiff to prove that the defect which caused his injury was in existence sufficiently long to permit the defendant in the exercise of due care to discover it.

2. The evidence is insufficient to warrant a finding for the plaintiff insofar as there is no proof that the defect which caused the plaintiff's injury was in existence sufficiently long to permit the defendant in the exercise of due care to discover it.

3. There was no contractual relationship between the plaintiff and the defendant at the time of his injury which required the defendant to save the plaintiff harmless from the defect that allegedly caused his harm.

4. No inference of control on the part of the defendant is to be inferred from its ownership of a telephone booth which is located in a public place and open to public use.

5. The defendant owes no duty to the plaintiff other than to warn of or repair defects of which it has knowledge, or which in the exercise of due care it should have been known about.

6. The evidence warrants a finding for the defendant."

The trial judge allowed requests 1, 3, 4, 5 and 6 and denied 2. He endorsed on defendant's request for rulings the following memorandum:

"I find as a fact that the defect alleged was present for such a period of time so that the defendant had sufficient time to repair it and that they did not was negligence on its part and therefore liable for damage or injury from such defect."

Defendant claimed to be aggrieved by the court's denial of its request for ruling 2.

The evidence would appear to justify the conclusion that plaintiff was injured by a defect in one of defendant's sidewalk telephone installations. It is a warrantable assumption that the condition was caused by vandalism. The liability of the defendant depends therefore on whether defendant knew or should have known of the existence of the defect in time to remedy it before the injury occurred.

This issue was properly raised by defendant's second request for ruling which was denied but the denial was accompanied by the written memorandum which leaves doubt as to the court's interpretation of the request.

In other words, while the request addresses itself to the time element of discovery of the defect, the court's memorandum deals only with the length of time required for repairs. That is to say, the judge did not deal precisely with the request.

There is further difficulty. Assuming that the judge's ruling and accompanying memorandum could fairly be construed as applying to the time of discovery of the defect and assuming that defendant had approximately sixty-three hours within which to discover the condition, does the report disclose evidence that justifies the conclusion that such a period of time is ample for discovery? How often an installation should be inspected depends on various factors, such as the number and location of telephone installations, the available man-power for inspection but more particularly the likelihood of such a defect occuring. *Deagle v. Great Atlantic & Pacific Tea Co.,* 343, Mass. 263, 265.

No case has been cited dealing with a similar problem. Of course, there are analogous situations in sidewalk or highway defects, also in stairway and other defects in which the same legal issue arises. It is quite common for sidewalks to have unevennesses. At some point the extent of the condition makes it a legal de-

fect. The more frequent the passage of the public over the area the shorter the period the law allows for discovery.

It is known that holes occur in the highways. It is known that stairs wear and that wood rots. Such dangerous conditions are to be expected but how often does a telephone installation become a booby trap? In other words, how often are dangerous conditions similar to the one disclosed in this case to be anticipated? To that question the evidence here offers no clue. If, for example, there were testimony that such condition was to be expected with frequency, it is one thing but it is quite another if, for example, among 2,000 telephone installations of the type here involved no conditions dangerous to the public have occurred.

It should not be too difficult to get statistics of this sort. This might aid the court in determining whether the defendant should have anticipated what occurred here. In the absence of such evidence it seems to us that the court is not in a position arbitrarily to find neglect on the part of the defendant.

Rather than reverse the trial court and order a finding for the defendant and to avoid possible injustice, we are remanding this case to the Municipal Court of the Dorchester District for a trial *de novo*.

Robert Tobin for Plaintiff.

Peter Hiam for Defendant.